FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 1 0 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-03071-BNB

JUSTIN RUEB, also known as
    JUSTIN JOSEPH RUEB,

    Plaintiff,

v.

BROWN,
BURBANK, DENNIS,
DOE (3 "John Doe" mailroom officers),
GELLAR, NICOLE,
JONES, SUSAN,
KERNAN, D. M.,
REID, LARRY,
SHEPARD, MONIQUE,
SUTHERS, JOHN, and
ZAVARAS, ARISTEDES,

    Defendants.

---

ORDER TO DISMISS IN PART AND TO ASSIGN CASE
TO A DISTRICT JUDGE AND MAGISTRATE JUDGE

---

Plaintiff, Justin Rueb, also known as Justin Joseph Rueb, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Sterling, Colorado, correctional facility. Mr. Rueb initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983. He asks for money damages and declaratory and injunctive relief. The caption to this order has been corrected to include Mr. Rueb's alias.

The Court must construe the complaint liberally because Mr. Rueb is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935

F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the complaint will be dismissed in part.

Mr. Rueb has been granted leave to proceed without payment of an initial partial filing fee pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Mr. Rueb is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to 28 U.S.C. § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

Mr. Rueb raises two claims, the first of which challenges the execution of his sentences in state court criminal proceedings. Specifically, Mr. Rueb contends that on December 28, 2008, four named Defendants, i.e., Nichole Gellar, Larry Reid, Monique Shepard, and D. M. Kernan, conspired to deceive the Colorado state district court into believing that the State of California had agreed to run his California state sentence concurrently with the Colorado sentence, resulting in subjecting Mr. Rueb to an additional seven and possibly eleven years of incarceration. He also contends that

Defendants Aristedes Zavaras and John Suthers provided inadequate training and supervision of their employees.

Mr. Rueb's first claim is inappropriate in a § 1983 action. Conditions of confinement claims properly are asserted in a § 1983 action. *See, e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991). Claim one challenges the execution of Mr. Rueb's sentence, and properly is asserted in a separate habeas corpus action pursuant to 28 U.S.C. § 2241. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). Therefore, claim one will be dismissed without prejudice.

As his second claim, Mr. Rueb asserts that two named Defendants, i.e., Burbank and Brown, and an unnamed Defendant, Dent, ordered the three Defendant John Joe mailroom officers to intercept and steal a complaint he and other inmates then incarcerated at the Colorado State Penitentiary tried to mail on December 28, 2008. He contends that Defendants Susan Jones and Aristedes Zavaras provided inadequate supervision and training of their employees, and that the interception delayed the filing of the lawsuit for a month. Claim two appears to be inappropriate for summary dismissal. Claim two and this case will be assigned to Judge Robert E. Blackburn pursuant to D.C.COLO.LCivR 40.1C.1. and to Magistrate Judge Michael E. Hegarty.

Accordingly, it is

ORDERED that the claim one is dismissed without prejudice. It is

FURTHER ORDERED that the clerk of the Court is directed to remove the names of Nichole Gellar, Larry Reid, Monique Shepard, D. M. Kernan, and John Suthers as parties to this lawsuit. It is

3

FURTHER ORDERED that claim two and the case are assigned to Judge Robert E. Blackburn pursuant to D.C.COLO.LCivR 40.1C.1. and to Magistrate Judge Michael E. Hegarty. Plaintiff's prior and pending case is *Rueb v. Zavaras*, No. 09-cv-02817-REB-MEH.

DATED at Denver, Colorado, this 10th day of March, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-03071-BNB

Justin Joseph Rueb
Prisoner No. 94567
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER** to the above named individuals on March 10, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
               Deputy Clerk