IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-03071-REB-MEH

JUSTIN RUEB, a/k/a Justin Joseph Rueb,

    Plaintiff,

v.

BROWN,
DENNIS BURBANK,
DANIEL DENT,
DOE (3 "John Doe" mailroom officers),
SUSAN JONES, and
ARISTEDES ZAVARAS,

    Defendants.

---

## ORDER

---

**Michael E. Hegarty, United States Magistrate Judge.**

    Plaintiff's Motion to Amend Complaint [filed March 17, 2011; docket #12] is **denied without prejudice**. Upon review of Plaintiff's proposed Amended Complaint, the Court concludes that Plaintiff has filed a *de facto* motion seeking reconsideration of the District Court's Order to Dismiss in Part and to Assign Case to a District Judge and Magistrate Judge [filed March 10, 2011; docket #5]. The District Court dismissed previously named defendants Nichole Gellar, Larry Reid, Monique Shepard, and D. M. Kernan, and Plaintiff's related claim challenging the execution of his sentences in state court criminal proceedings. (Docket #5 at 2.) The District Court concluded that this claim challenged the execution of Plaintiff's sentence and would thus be properly asserted in a separate habeas corpus action. (*Id*. at 3.)

1

Plaintiff attempts to revive this claim and the inclusion of these four previously named defendants in the proposed Amended Complaint. Plaintiff's proposed Claims 1, 2, 3, and 5, although couched as the tort of false imprisonment, restate (with significant expansion) the first claim in his original complaint (that was dismissed) by challenging the execution of his criminal sentence. These four claims again name as defendants Nicole Gellar, Larry Reid, Monique Shepherd, and D. M. Kernan.

Although this Plaintiff, like any plaintiff, enjoys the right to amend his complaint once as a matter of course pursuant to Rule 15(a), Plaintiff, unlike other plaintiffs not proceeding under the obligations of the PLRA, is subject to court screening of his initially filed complaint. The screening and subsequent order dismissing the initial complaint in part create law of the case which is inappropriate for reconsideration under Rule 15. "The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.'" *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir. 1991). However, a litigant who is subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Id.*

Here, Plaintiff may proceed in a number of ways, including but not limited to the following. Plaintiff may refile a motion to amend as a matter of course including a proposed amended complaint that conforms to the order dismissing in part the initial complaint. The Court believes that, **without** proposed defendants Gellar, Reid, Shepherd, and Kernan, and **without** Claims 1, 2, 3, and 5, the proposed Amended Complaint presently before the Court would be appropriate for filing pursuant to Rule 15(a). Plaintiff may also file a motion under the appropriate rule seeking reconsideration of the order dismissing in part the initial complaint if Plaintiff seeks to resuscitate

those four previously named and dismissed defendants and his claim related to the execution of his sentence. The motion at hand and the proposed Amended Complaint are inappropriate vehicles for the reconsideration of the District Court's previous determination, thus the Court **denies** Plaintiff's motion **without prejudice**.

SO ORDERED.

Entered and dated this 21st day of March, 2011, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge