IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-03071-REB-MEH

JUSTIN RUEB, a/k/a Justin Joseph Rueb,

    Plaintiff,

v.

BROWN,
BURBANK, DENNIS,
DOE (3 "John Doe" mailroom officers),
JONES, SUSAN, and
ZAVARAS, ARISTEDES,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Defendants' Motion to Dismiss [filed May 11, 2011; docket #28]. The motion is referred to this Court for recommendation. (Docket #30.) Plaintiff failed to respond to the motion and failed to respond to an Order to Show Cause issued by this Court on July 19, 2011. After evaluation of the motion, the Court **RECOMMENDS** that Defendants' Motion to Dismiss be **GRANTED** and Plaintiff's remaining claim be **DISMISSED WITH PREJUDICE**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140,

**BACKGROUND**

**I.    Procedural History**

Plaintiff initiated this action on December 17, 2010, stating two claims against eleven defendants. (Docket #1.)  Upon initial review, Senior District Judge Babcock ordered dismissal of Claim One, but allowed Claim Two to proceed against the five remaining defendants.  In Claim Two, Plaintiff alleges that on December 28, 2008, Defendants, knowing Plaintiff had filed grievances and that a lawsuit was imminent, ordered mailroom staff to tamper with an envelope containing Plaintiff's civil rights complaint, causing delivery of Plaintiff's complaint to be delayed. (Docket #1 at 5.)  As a result, Plaintiff alleges violations of the First and Fourteenth Amendments, as well as a conspiracy claim, pursuant to 42 U.S.C. § 1983.  (*See id.*)

On May 11, 2011, Defendants responded to Plaintiff's complaint with the motion to dismiss presently before the Court.  (Docket #28.)  The Court instructed Plaintiff to respond to the motion on or before June 3, 2011.  (Docket #31.)  At Plaintiff's request, the Court permitted an extension of time for Plaintiff's response up to and including July 5, 2011.  (Dockets ##33, 35.)  Plaintiff did not meet the July 5, 2011 deadline, thus the Court issued an Order to Show Cause on July 19, 2011, instructing Plaintiff to show cause in writing and filed with the Court no later than August 5, 2011, as to why this Court should not recommend Defendants' motion to dismiss be granted and Plaintiff's remaining claim be dismissed.  To date, Plaintiff has not filed a response to the Order to Show Cause or to the motion to dismiss, nor has Plaintiff requested a second extension of time in which to do so.

**II.   Factual Allegations**

On December 28, 2008, Plaintiff provided a large civil rights complaint to the mailroom at the Colorado State Penitentiary for mailing and filing.  (Docket #1 at 5.)  Because Plaintiff filed

---

155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

prison grievances as part of the exhaustion of administrative remedies process, Defendants Burbank, Dent and Brown knew the lawsuit was imminent. (*Id.*) These Defendants ordered unidentified mailroom staff members to tamper with the complaint. (*Id.*) The mailroom staff removed papers and sliced the inner lining of the envelope in which the complaint was contained. (*Id.*) Because of the tampering, the complaint "busted open" at the post office and ultimately arrived at the U.S. District Court six days late in a "jumbled, ruined mess." (*Id.*) Plaintiff was forced to go into further debt with the Colorado Department of Corrections to replace and re-file the missing documents. (*Id.*) This delayed the filing of the lawsuit by one month. (*Id.*) Defendants Jones and Zavaras are liable for inadequate supervision and training. (*Id.*)

## STANDARD OF REVIEW

### I.     Construction of a *Pro Se* Plaintiff's Complaint

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The Tenth Circuit interpreted this rule to mean, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)). A dismissal "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that plaintiff could not prevail on the facts alleged,

3

and allowing him an opportunity to amend his complaint would be futile.'" *Curley v. Perry*, 246 F.3d 1278, 1281–82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110 (additional citations omitted)).

As explained above, Plaintiff did not file a response to the motion to dismiss, even after the issuance of an order to show cause. "[A] district court may not grant a motion to dismiss for failure to state a claim 'merely because [a party] failed to file a response.'" *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003) (citation omitted). "This is consistent with the purpose of Rule 12(b)(6) motions as the purpose of such motions is to test 'the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true.'" *Issa*, 354 F.3d 1177-78 (citation omitted). "Consequently, even if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted." *Id*. at 1178. Therefore, the Court proceeds to evaluate the merits of Defendants' motion and Plaintiff's complaint.

## II.     Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

The Rule 12(b)(6) evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations

which are legal conclusions, bare assertions, or merely conclusory. *Id*. at 1949–51. Second, the court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 1950. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 1949.

The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," so that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic Corp.*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint made an allegation, "but it has not shown that the pleader is entitled to relief." *Id*. (quotation marks and citation omitted).

## ANALYSIS

Defendants assert qualified immunity in their motion to dismiss. (Docket #28 at 8-9.) Qualified immunity protects from litigation a public official whose possible violation of a plaintiff's civil rights was not clearly a violation at the time of the official's actions. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). It is an entitlement to not stand trial or face the other burdens of litigation. *Ahmad v. Furlong,* 435 F.3d 1196, 1198 (10th Cir. 2006) (internal quotations and citations omitted). The privilege is an immunity from suit rather than a mere defense to liability. *Id.* When a defendant asserts the defense of qualified immunity, the burden shifts to the plaintiff to overcome the asserted immunity. *Riggins v. Goodman*, 572 F.3d 1101, 1107 (10th Cir. 2009). "The plaintiff must demonstrate on the facts alleged both that the defendant violated his constitutional or

statutory rights, and that the right was clearly established at the time of the alleged unlawful activity." *Id.* (citing *Pearson v. Callahan*, 555 U.S. 223, 129 S. Ct. 808, 818 (2009)).

The Supreme Court recently discarded a review process that required courts to examine the elements of qualified immunity sequentially, first considering whether a right had been violated, and then second - if the court concluded a right had been violated - whether that right was clearly established at the time of the alleged violation. *Pearson,* 129 S. Ct. at 816-22. *Pearson* retired this process, instead affording courts the discretion to decide "which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id.* at 818; *see also Christensen v. Park City Mun. Corp.*, 554 F.3d 1271, 1277 (10th Cir. 2009).

Construing Plaintiff's Claim Two liberally, the Court deciphers four subparts: 1) a violation of his First Amendment right to access the court; 2) a violation of his First Amendment right to be free from retaliation; 3) "a 14th Amendment procedural due process 'liberty interest claim driving from Art. II, sec. 3 of the Colorado Constitution" [sic]; and 4) Section 1983 civil conspiracy. For the reasons stated below, the Court concludes that each subpart fails to provide a legal basis supporting a cognizable violation of Plaintiff's constitutional rights. Thus, the Court determines that Defendants are entitled to qualified immunity, and Plaintiff's remaining Claim Two should be dismissed with prejudice.

**I.     Personal Participation**

It is well-settled that a defendant may not be held liable for constitutional violations merely because he or she holds a supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). "Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997). Supervisory status alone does not create § 1983

liability. *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008). Rather, there must be "an affirmative link ... between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." *Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir. 1997) (quotation and brackets omitted).

Plaintiff makes no specific allegations of improper conduct against Defendants Jones and Zavaras, other than a conclusory statement that these two defendants "are liable for inadequate supervision and training." (Docket #1 at 5.) Plaintiff asserts no affirmative link between Defendants Jones and Zavaras and the alleged acts of the other defendants. Clearly, Plaintiff names these Defendants in their supervisory capacity only. Such contention is insufficient to establish the personal participation required for liability pursuant to Section 1983, and Defendants Jones and Zavaras should be dismissed from this action on that basis.

## II.     First Amendment Right to Access the Court

To establish a claim of a violation to his right to access the courts, Plaintiff "must demonstrate actual injury from interference with his access to the courts - that is, that the prisoner was frustrated or impeded in his efforts to pursue a nonfrivolous legal claim concerning his conviction or his conditions of confinement." *Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010). The Court agrees with Defendants that Plaintiff fails to articulate a cognizable injury. He admits the complaint was successfully filed and does not allege any penalty resulting from the asserted one-month delay. Therefore, the Court concludes that Plaintiff fails to state a plausible claim of a violation of his First Amendment right to access the courts, as Plaintiff was not impeded in his efforts to pursue the legal claims stated in the complaint at issue.

## III.    First Amendment Right to be Free from Retaliation

"It is well-settled that [p]rison officials may not retaliate against or harass an inmate because of the inmate's exercise of his right of access to the courts." *Gee*, 627 F.3d at 1189 (internal

quotation marks omitted) (citing *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990)). Plaintiff may make a showing of retaliation by demonstrating the following: 1) he engaged in constitutionally protected activity; 2) Defendants' actions caused Plaintiff "to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity;" and 3) Defendants' "adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1203 (10th Cir. 2007) (citing *Worrell v. Henry*, 219 F.3d 1197, 1212 (10th Cir. 2000)).

The third element stated above requires that Plaintiff show Defendants' retaliatory motive was a "but for" cause of Defendants' actions. *Smith v. Maschner*, 899 F.2d 940, 949-50 (10th Cir. 1990). "An inmate claiming retaliation must allege specific facts showing retaliation because of the exercise of [his] constitutional rights." *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998) (quotation omitted) (noting that retaliation claim is governed by strict "but for" standard for causation). Factual allegations consisting only of engagement in protected activity, for example, filing prison grievances, "[do] not establish the requisite causal connection for [a] retaliation claim. If it did, litigious prisoners could claim retaliation over every perceived slight and resist summary judgment [or Rule 12(b)(6) dismissal] simply by pointing to their litigiousness." *Strope v. Cummings*, 381 F. App'x 878, 883 (10th Cir. 2010) (unpublished).

Here, Plaintiff alleges solely that due to the grievances he filed, Defendants Burbank, Dent and Brown knew litigation was "imminent" and thus sought to thwart Plaintiff's (ultimately successful) attempt to file the complaint. (Docket #1 at 5.) Like the plaintiff in *Strope*, Plaintiff's "attribution of retaliatory motive is conjectural and conclusory." *Strope*, 381 F. App'x at 883. Therefore, the Court concludes that Plaintiff fails to state a plausible claim of retaliation, as Plaintiff fails to allege specific facts showing retaliation and does not meet the strict but-for standard for causation.

## IV.     Colorado Constitutional Claim

Plaintiff asserts a violation of Fourteenth Amendment procedural due process arising from the deprivation of a liberty interest bestowed by the Colorado Constitution. "Colorado law does not contain the statutory equivalent to 42 U.S.C. § 1983." *Walker v. Bd. of Transp., Reg'l Transp. Dist.*, 76 F. Supp. 2d 1105, 1112 (D. Colo. 1999). In *Board of County Commissioners of Douglas County v. Sundheim*, 926 P.2d 545, 549 (Colo. 1996), the Colorado Supreme Court declined to recognize an implied cause of action to enforce the Colorado Constitution via a Section 1983 lawsuit, concluding "that where other adequate remedies exist, no implied remedy is necessary." *Id.* at 553. Here, the enforcement of federal constitutional rights through Section 1983 provides an adequate remedy for the claims proffered by Plaintiff, despite his obvious preference for the Colorado Constitution. Thus, no state-based implied remedy is necessary, and this asserted basis for relief should be dismissed.

## V.      § 1983 Conspiracy

Allegations of conspiracy may form the basis of a § 1983 claim. *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998); *see also Snell v. Tunnell*, 920 F.2d 673, 701 (10th Cir. 1990) (a "conspiracy to deprive a plaintiff of a constitutional or federally protected right under color of state law" is actionable under § 1983). A plaintiff "must plead and prove not only a conspiracy, but also an actual deprivation of rights; pleading and proof of one without the other will be insufficient." *Dixon v. City of Lawton*, 898 F.2d 1443, 1449 (10th Cir. 1990). In addition, a plaintiff must allege specific facts showing an agreement and concerted action among the defendants. *Tonkovich*, 159 F.3d at 533 (citation omitted).

Here, Plaintiff's assertion of conspiracy fails for two reasons. First, as stated above, Plaintiff fails to plead an actual deprivation of his constitutional rights. Second, Plaintiff simply names "conspiracy" as a basis for relief without actually describing any facts showing an agreement and

concerted action among the Defendants. "Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim." *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994) (citation omitted). Therefore, the Court concludes that Plaintiff fails to state a plausible claim of conspiracy.

As explained above, Plaintiff fails to state any plausible violation of his constitutional rights that shows the requisite entitlement to relief. Defendants are thus protected by qualified immunity as to Plaintiff's Claim Two in its entirety, and Defendants' motion to dismiss should be granted.

## VI. Dismissal Without Leave to Amend

"[D]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Gee*, 627 F.3d at 1195 (citation omitted). In consideration of the governing legal precedent, the Court does not believe amendment would cure the deficiencies identified by Defendants and evaluated by the Court, without opening the door to impermissible embellishment of the stated allegations. Therefore, the Court concludes dismissal without leave to amend is appropriate here.

## CONCLUSION

Accordingly, for the reasons stated herein, the Court **RECOMMENDS** Defendants' Motion to Dismiss [filed May 11, 2011; docket #28] be **GRANTED** and Plaintiff's remaining Claim Two be **DISMISSED WITH PREJUDICE**.[2]

---

[2] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the

Respectfully submitted this 11th day of August, 2011, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).