IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-03071-REB-MEH

JUSTIN RUEB, a/k/a Justin Joseph Rueb,

    Plaintiff,

v.

BROWN,
BURBANK, DENNIS,
DOE (3 "John Doe" mailroom officers),
JONES, SUSAN, and
ZAVARAS, ARISTEDES,

    Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on October 3, 2011.**

    Plaintiff's "Motion to Alter and Amend Judgement (Entered: 3-10-11), Pursuant to Fed. R. Civ. P. Rule 59(e)" [filed August 15, 2011; docket #44] is untimely and, therefore, is **denied without prejudice**.

    Fed. R. Civ. P. 59(e) states that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." The Tenth Circuit construes the Rule strictly: "[a] district court may not grant a party additional time to file a proper Rule 59(e) motion." *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1241 (10th Cir. 2006). The 2009 amendment to Rule 59(e) does not affect this construction. *See United States v. McKneely*, 398 F. App'x 334, 335-36 (10th Cir. 2010) ("[A] district court lacks jurisdiction to extend the time period contained in the rule") (describing the holding of *Pratt v. Petroleum Prod. Mgmt. Inc. Emp. Sav. Plan & Trust*, 920 F.2d 651, 656 (10th Cir. 1990)).

    The judgment Plaintiff seeks to alter was entered on March 10, 2011 [docket #5]; however, Plaintiff filed this motion over five months later. The Plaintiff provides, and the Court finds, no legal authority supporting Plaintiff's claim that an otherwise untimely motion may "relate back" to a previous motion in order to satisfy the requirements of Rule 59(e). In light of the plain meaning of Rule 59(e) and the Tenth Circuit's strict construction of its provisions, the Court declines to consider the merits of Plaintiff's Motion...Pursuant to Rule 59(e). *See McKneely*, *supra* (finding that a district court did not abuse its discretion in denying as untimely a *pro se* plaintiff's "Motion to Alter or Amend a Judgment Pursuant to Fed. R. Civ. P. Rule 59(e)" filed five months after judgment was entered).