IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 10-cv-03071-RBJ-MEH

JUSTIN RUEB, a/k/a Justin Joseph Rueb

    Plaintiff,

v.

BROWN,
BURBANK, DENNIS,
DOE (3 "John Doe" mailroom officers),
JONES, SUSAN, and
ZAVARAS, ARISTEDES,

    Defendants.

## ORDER

    Plaintiff, an inmate at the Colorado Department of Corrections, filed this § 1983 suit in December 2010. The Court, by Judge Babcock, dismissed his first claim *sua sponte*. Plaintiff's remaining claim, set forth in the Complaint as "Claim Two," reads as follows:

> On the date of 12-28-08, plaintiff Justin Rueb (and several dozen other CSP inmates) handed over a § 1983 complaint against dozens of CSP and Colorado DOC officials, for mailing and filing. However defendants (because of all the grievances we had had to exhaust in preparation for it) Burbank, Dent, and Brown knew that a large joint lawsuit against the prison was imminent. So they ordered the 3 John Doe mailroom officers to intercept it (which they did) once Rueb tried to mail it out. They all then ripped it open, stole all of the extra lawsuit and motion copies out of it, systematically plucked out of the remaining original copies, random pages in the amount of about 30% to 40% of the content of the remaining pleadings (so that once they arrived to the court they'd be incomplete and unintelligible), then the [sic] sliced the inner lining of the large envelope so that it would bust open at the post office, to create an alternate excuse for the approximately 230 pages of content that actually came up missing from the legal package. They had it for 6 days while sabotaging the contents, placed the remainder in the rigged envelope, and finally mailed it where it busted open (as designed) at the post office arriving to the court house (U.S. District Court of Colorado) 6 days late, in a jumbled, ruined mess, that plaintiff Rueb was then

1

>forced to drive himself into over another $100 in photocopy debt to the prison to recopy (from his copies) refile, and replace. This also delayed the filing of the lawsuit for a month. Defendants Jones and Zavaras are liable for inadequate supervision and training.
>
>This gives rise to a 1st Amendment retaliation claim, a 14th Amendment procedural due process liberty interest claim deriving from Art. II, sec. 3 of the Colorado Constitution, and a § 1983 civil conspiracy claim.

Defendants moved to dismiss the second claim pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), arguing that (1) the Court lacked subject matter jurisdiction to review a claim based on violations of the Colorado Constitution; (2) plaintiff had not sufficiently alleged personal participation by defendants Jones and Zavaras; (3) the complaint did not state a plausible denial of access to the courts claim; (4) or a retaliation claim; (5) or a conspiracy claim; and (6) that defendants were entitled to qualified immunity. [docket #28].

The Court, by Judge Blackburn, referred the motion to a magistrate judge. Plaintiff did not respond to the motion or to an order to show cause as to why the magistrate judge should not recommend that the motion to dismiss be granted. On August 11, 2011 Magistrate Judge Hegarty issued an order interpreting plaintiff's second claim as asserting four different claims for relief: (1) a violation of his First Amendment right of access to the courts; (2) a violation of his First Amendment right to be free from retaliation; (3) a Fourteenth Amendment procedural due process claim arising out of the deprivation of his liberty interests pursuant to Art. II, § 3 of the Colorado Constitution; and (4) a violation of 42 U.S.C. § 1983 for civil conspiracy. The magistrate judge concluded that plaintiff had not stated a claim on any of the four theories and recommended that the motion to dismiss be granted.

Plaintiff has objected to all portions of that order. The Court therefore reviews the magistrate judge's recommended disposition de novo. Fed. R. Civ. P. 72(b)(3).

## STANDARD OF REVIEW

In reviewing a motion to dismiss, the Court must accept the well-pleaded allegations of the complaint as true and construe them in plaintiff's favor. However, the facts alleged must be enough to state a claim for relief that is plausible, not merely speculative. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007). A plausible claim is a claim that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). Allegations that are purely conclusory need not be assumed to be true. *Id.* at 1951.

Because plaintiff represents himself *pro se*, the Court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

## CONCLUSIONS

For present purposes the Court accepts the truth of the allegations that Mr. Rueb prepared a complaint under 42 U.S.C. § 1983 asserting misconduct by the Colorado Department of Corrections ("DOC") and/or employees of the DOC; that he took it to his facility's mail room to be mailed to the court for filing; that at the direction of defendants Brown, Burbank and Dent unidentified mail room employees intercepted the package; that some or all of these individuals opened the package and either removed or otherwise altered some of its contents; that they delayed mailing the altered package for six days and then rigged the envelope so that it would not properly contain the contents; that upon arrival at the courthouse the papers were in disarray;

3

and that, as a result of the sabotaging of the original complaint package, Mr. Rueb incurred $100 in extra copying costs to re-duplicate his copy of the papers, and the filing of his lawsuit was delayed by one month.[1]

The question presented by the present case is whether, assuming the truth of those alleged facts, plaintiff's complaint states a claim of a constitutional violation on which relief could be granted. I conclude that it did not.

<u>Denial of Access to the Courts</u>

The essence of Mr. Rueb's claim is that the alleged misconduct unconstitutionally denied Mr. Rueb access to the courts. "It is well settled that prison officials may not unreasonably hamper inmates in gaining access to the courts." *Evans v. Moseley,* 455 P.2d 1084 (10th Cir. 1972). However, plaintiff "must demonstrate actual injury from interference with his access to the courts - that is, that the prisoner was frustrated or impeded in his efforts to pursue a nonfrivolous legal claim concerning his conviction or his conditions of confinement." *Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010).

The complaint alleges that Mr. Rueb's filing of his underlying complaint was delayed one month by defendants' actions. However, he did not allege that his ability to pursue his claims was in any material respect prevented. It does not, for example, indicate that any applicable statute of limitations expired during the period of delay, or that for any other reasons the delay interfered with his prosecution of the underlying suit. In short, although the defendants' actions, if they occurred, were surely wrong, not to mention juvenile, the complaint does not allege an

---

[1] The Court takes judicial notice of its own files that indicate that on January 8, 2009 the Court received a letter accompanied by 65 pages including a motion for injunctive relief and exhibits in what became Case No. 09CV72. On January 9, 2009 the Court received a 124-page complaint listing Mr. Rueb and 47 other inmates as plaintiffs and Mr. Brown, Mr. Burbank, Mr. Dent, three John Does, Ms. Jones, Mr. Zavaras and 57 other prison employees or supervisors as defendants. The complaint was deemed filed on January 15, 2009. Mr. Rueb filed a number of additional motions, briefs and other papers on January 28, 2009, including a "Notice to the Court Regarding the Plaintiffs' First Attempt to File This Lawsuit."

actual injury other than the extra copying costs. The necessity to incur unnecessary copying costs no doubt would be frustrating, and could possibly support a state court tort claim, but it does not make out a constitutional violation.

In his objection to the magistrate judge's recommendation Mr. Rueb cites *Simkins v. Bruce,* 406 F. 3d 1239 (10th Cir. 2005). In that case the prison's intentional withholding of an inmate's legal mail, contrary to the prison's regulations, resulted in the inmate's failure to respond to a motion for summary judgment in a federal civil rights case, which in turn led to dismissal of that case and the inmate's loss of the opportunity to appeal from that dismissal. The court noted that no court had ever considered the federal civil rights case that was dismissed to have been frivolous. The prison's actions caused an actual injury, namely, an actual denial of the inmate's access to the courts to pursue his federal civil rights claim. *Id.* at 1243. In contrast, the alleged conduct in the present case did not cause a loss of his right to pursue the claims that were the subject of the alleged mailroom antics.[2]

Retaliation

As the magistrate judge recognized, "[p]rison officials may not retaliate against or harass an inmate because of the inmate's exercise of his right of access to the courts." *Gee v.* 627 F.3d at 1189. To state a claim a plaintiff must allege (1) that he engaged in constitutionally protected activity, (2) but, because of the defendant's actions, he suffered an injury that would "chill a person of ordinary firmness from continuing to engage in that activity," and (3) defendant's action was "substantially motivated as a response" to the exercise of the constitutionally protected activity. *Shero v. City of Grove, Okla.,* 510 F.3d 1196, 1203 (10th Cir. 2007).

---

[2] The magistrate judge analyzed the issue by applying defendants' defense of qualified immunity. Qualified immunity protects government officials from damage suits unless a plaintiff alleges facts that, if true, would establish (1) a violation of a constitutional right (2) that was clearly established at the time. *Herrera v. City of Albuquerque,* 589 F.3d 1064, 1070 (10th Cir. 2009). The qualified immunity defense, although not necessary to this Court's decision, would be an additional bar to plaintiff's damages suit, because the first element, a violation of a constitutional right, has not been sufficiently pled.

Whether the retaliatory conduct would have a chilling effect on the defendant's exercise of the protected activity is an objective, not a subjective, determination. *Ibid.*

Plaintiff alleged that defendants Brown, Burbank and Dent knew, because of internal grievances procedures, that Mr. Rueb was about to file a suit against the DOC, and that they therefore sabotaged his paperwork. I am satisfied that Mr. Rueb has alleged facts that, if proven, would establish the first and third elements of unconstitutional retaliation. He has not, however, alleged that he suffered an injury that would discourage a reasonable person from continuing to engage in the activity. I cannot find that an inmate who is ready, willing and able to file a civil rights lawsuit against prison officers would be intimidated or discouraged by the shenanigans alleged here to the point of deciding not to file the suit. Mr. Rueb's own conduct suggests otherwise. He was not deterred from filing his complaint.

I have considered the authorities cited by Mr. Rueb in his objection to the magistrate judge's recommendation. For example in *Smith v. Maschner,* 899 F.2d 940 (10th Cir. 1990), the court emphatically reiterated that retaliation against an inmate for filing lawsuits violates his First Amendment rights, including his right of access to the courts. *Id.* at 947. The inmate claimed that prison officials initiated disciplinary proceedings against him in retaliation for his having filed lawsuits against prison officials. The court found that there was sufficient evidence from which a retaliatory motive could be inferred to avoid a summary judgment of dismissal. *Id.* at 949. However, that case and other cases cited by Mr. Rueb miss the point at issue here. This Court has found that Mr. Rueb has sufficiently alleged a retaliatory motive. What is missing is evidence of an actual injury of constitutional significance. A one month delay in filing a lawsuit, while unfortunate, is not an injury on the level of disciplinary proceedings (*Smith*) or having summary judgment granted (*Simpkins*).

I conclude that Mr. Rueb has not alleged a plausible retaliation claim that can survive a Rule 12 motion.

Violation of the Colorado Constitution

Plaintiff alleged "a 14th Amendment procedural due process liberty interest claim deriving from Art. II, sec. 3 of the Colorado Constitution." The Fourteenth Amendment to the United States Constitution, in relevant part, provides that "No State shall deprive any person of life, liberty, or property, without due process of law." Article II, section 3 of the Colorado Constitution provides: "All persons have certain natural essential and inalienable rights, among which may be reckoned the right of enjoying and defending their lives and liberties; of acquiring, possessing and protecting property; and of seeking and obtaining their safety and happiness."

The magistrate judge noted that the Colorado Supreme Court has declined to recognize an implied cause of action to enforce the Colorado Constitution via a § 1983 action. *Board of County Commissioners of Douglas County v. Sundheim,* 926 P.2d 545, 549 (Colo. 1996). In his objection to the magistrate judge's recommendation, Mr. Rueb argues that the magistrate judge mischaracterized his claim, and that he was not intending to assert a violation of the Colorado Constitution. That is not obvious from the wording of his complaint. Of course, if he were trying to assert a violation of the Colorado Constitution, he would be out of luck. Section 1983 provides a remedy for violations, under color of state law, of the Constitution or the laws of the United States.

I will instead give Mr. Rueb the benefit of the doubt and construe his claim as an assertion that the defendants, acting under color of state law, deprived him of due process as guaranteed by the Fourteenth Amendment. Even so construed, however, the question remains – what liberty or property interest did the defendants deny Mr. Rueb without due process of law?

The only interests or rights he has alleged are his right of access to the courts and his right to be free of retaliation for attempting to exercise his right of access. However, if those rights have not been denied him, as the Court has found, then they cannot have been denied without due process of law.

Conspiracy

"Allegations of conspiracy may, indeed, form the basis of a § 1983 claim." *Tonkovich v. Kansas Bd. of Regents*, 159 F. 504, 533 (10th Cir. 1998). However, a plaintiff "must plead . . . not only a conspiracy, but also an actual deprivation of rights; pleading and proof of one without the other will be insufficient. *Dixon v. City of Lawton,* 898 F.2d 1443, 1449 (10th Cir. 1990).

The magistrate judge concluded that Mr. Rueb failed to state a claim of conspiracy on which relief could be granted because (1) his allegations of a conspiracy were conclusory, and (2) he did not plead an actual deprivation of his constitutional rights. Once again giving Mr. Rueb the benefit of the doubt, I am willing to accept the allegation that defendants Brown, Burbank and Dent instructed mailroom personnel to intercept Mr. Rueb's mail, and that they then sabotaged the contents, to be sufficient to allege the existence of a "conspiracy." However, it comes back to his allegation that delaying the filing of a federal court complaint by a month was an unconstitutional denial of his right of access to the courts. Because the Court has concluded that Mr. Rueb did not sufficiently allege an actual deprivation of a right provided by the Constitution or laws of the United States, it follows that he has not alleged a conspiracy that is actionable under § 1983.

**Order**

For the reasons set forth above, the Court approves and accepts the recommendation of the magistrate judge that the motion to dismiss be granted [#43]. Defendant's motion to dismiss

8

[#28] is GRANTED.  The case is dismissed with prejudice.  Defendant's motion to vacate the trial preparation conference and jury trial [#63] is thereby rendered MOOT.

DATED this 27th day of February, 2012.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge